Robert N. Schiff (Bar No. 56072)
David W. Evans (Bar No. 79466)
Scott M. Bloom (Bar No. 183891)
HAIGHT, BROWN & BONESTEEL, LLP
100 Bush Street, 27th Floor
San Francisco, California 94104-3967
Telephone:  (415) 986-7700
Facsimile:  (415) 986-6945
Email: devans@hbblaw.com
Attorneys for Plaintiff
The American Insurance Company

Bruce H. Winkelman (Bar No. 124455)
CRAIG & WINKELMAN, LLP
2150 Shattuck Avenue, Suite 1220
Berkeley, CA 94704
Telephone:  (510) 549.3330
Facsimile:  (510) 217.5894

Robert J. Bates, Jr., Pro Hac Vice
Maryann C. Hayes, Pro Hac Vice
BATES & CAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, Il 60606
Telephone:  (312) 762.3100
Facsimile:  (312) 762.3200

Attorneys for Defendant
AMERICAN RE-INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN INSURANCE COMPANY, A Nebraska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN RE-INSURANCE COMPANY, A Delaware Corporation,<br><br>Defendant. | Case No. C 05-01218-JSW<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>Complaint Filed:  March 25, 2005 |

Plaintiff The American Insurance Company ("AIC") and defendant AMERICAN RE-INSURANCE COMPANY ("AMERICAN RE") (hereinafter collectively referred to as "the parties"), by and through their respective counsel of record whose signatures appear below, hereby stipulate and agree that a Protective Order in accordance with the following Stipulation shall be

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

1

[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

entered by the Court and remain in effect with respect to all **"CONFIDENTIAL INFORMATION"** (as defined herein) designated as such (as provided below), including the substance and content thereof, and produced by the parties to this Action or any third parties, whether contained in a document, deposition, interrogatory response or otherwise produced or supplied in response to other requests for discovery in this litigation, pursuant to Rule 26 of the Federal Rules of Civil Procedure, Rule 16-5 of the Civil Local Rules of this Court, or otherwise produced in connection with this litigation by the parties to this Action or third parties.

**IT IS FURTHER STIPULATED THAT:**

1. <u>Purposes and limitation</u>: Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 12, below, that this Stipulated Protective Order creates no entitlement to file confidential documents under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. For purposes of this Stipulation and Protective Order, **"CONFIDENTIAL INFORMATION"** means information in any form—including without limitation those documents and written responses produced by the parties pursuant to the Federal Rules of Civil Procedure or the Local Rules of this Court, pleadings, transcripts, discovery papers, briefs, summaries, notes, abstracts or other instruments and those portions of deposition transcripts and exhibits—which shall be designated as **"CONFIDENTIAL"** by so indicating on the face of the writing or in any other reasonable manner appropriate to the form in which the **CONFIDENTIAL INFORMATION** is produced in this lawsuit. There shall be no violation of this Stipulation and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97 0000012
3054089.1

2

STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

Protective Order in the event a party discloses or uses such materials prior to receiving notice of the **CONFIDENTIAL** designation.

3. Information or material may be designated "**CONFIDENTIAL**" pursuant to this Stipulation and Protective Order by the person or entity producing it if (a) the information or material is disclosed or produced pursuant to a formal or informal discovery request in this Action or otherwise pursuant to the Federal Rules of Civil Procedure; and (b) consistent with the requirements of F.R.Civ.P. 26, the producing party believes in good faith that such material contains attorney-client privileged communications, attorney work product, materials designated as confidential by either of the parties prior to the inception of the Action, or proprietary commercial information which is the subject of reasonable efforts to maintain confidentiality.

4. Subject to Paragraph 9 herein, the parties shall not disclose **CONFIDENTIAL INFORMATION** to any person or entity, directly or indirectly, unless by specific order of this Court, except as hereinafter specified. Such information shall not be used by the parties except for purposes directly related to the prosecution or defense of the herein captioned case. Such information shall not be used for or conveyed in any business or commercial purpose, nor any form of public communication outside the courtroom, including without limitation websites, periodicals, newspapers or interviews with any and all media, electronic or otherwise.

5. Nothing herein is intended to nor shall have any prohibitive effect on any party's rights to discovery as is permitted under the Federal Rules of Civil Procedure. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

6. Nothing in this Stipulation and Protective Order shall be deemed a waiver of any party's rights to oppose discovery of information or documents, or to object on any ground to the admission into evidence in this Action of any **CONFIDENTIAL INFORMATION**. The terms of this Stipulation and Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial; nor does this Stipulation and Protective Order preclude any party from

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

3

STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

requesting that the Court impose such limitations or restrictions, or from opposing such a request, concerning documents at trial.

7. Subject to Paragraph 9 herein, within thirty (30) days after the conclusion of this case, including the final exhaustion of all possible appeals, all matters designated as **CONFIDENTIAL INFORMATION**, including those parts of the Court file so designated, and coming within the provisions of this Stipulation and Protective Order, and all copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall either be returned to counsel for the party originally producing such materials, or at the written direction of counsel for such party, be destroyed by the possessing party; provided, however, that counsel may retain one copy of all transcripts, pleadings or motions containing **CONFIDENTIAL INFORMATION** for their files. The parties may retain one copy of all transcripts, pleadings, motions or other documents containing **CONFIDENTIAL INFORMATION** as needed for regulatory purposes.

8. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of materials, documents, items or oral or written communications that qualify—so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinezed designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on the other parties) may expose the designating party to sanctions.

If it comes to the attention of a party or non-party that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

4

STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

9. **CONFIDENTIAL INFORMATION** may be given, shown, made available to, or communicated in any way only to:

    a. Parties, including officers, directors, partners, insurers, or in-house counsel of a party, for use in relation to this litigation only;

    b. The attorneys of record for the parties, together with non-lawyer staff members of such attorneys whose assistance is necessary for the prosecution or defense of this Action and other outside counsel for a party;

    c. Other employees of a party for the purpose of working directly on this litigation at the request or at the direction of counsel;

    d. Regulatory agencies or officials, including employees thereof, in the course of their regular duties in accordance with applicable laws and regulations;

    e. Third-party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation;

    f. Expert witnesses at depositions;

    g. Any witness or potential witness in this Action, to the extent necessary for purposes of this litigation;

    h. Court reporters and other persons involved in recording or transcribing hearings, trial testimony or deposition testimony in this Action;

    i. Copying or microfilming services retained to handle or reproduce discovery materials in this Action;

    j. Persons designated on the face of a document or tangible thing as a preparer or prior recipient thereof;

    k. Persons who have been indicated by the party producing such **CONFIDENTIAL INFORMATION** to have been a prior recipient thereof;

    l. The Court and its staff.

10. Before providing any **CONFIDENTIAL INFORMATION** to any person designated in subparagraphs (a) through (k), above, counsel shall provide such person with a copy

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

5

STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

of this Stipulation and Protective Order and shall explain that such materials are confidential and are not to be disclosed to any other person.

11. **CONFIDENTIAL INFORMATION** supplied in written or documentary form shall be prominently labeled by the party supplying or producing same: "**CONFIDENTIAL.**" Such label shall be placed on the first (or cover) page of any such document and shall also be placed on each subsequent page containing **CONFIDENTIAL INFORMATION**. If any portion of a document is so labeled, only that portion shall be deemed **CONFIDENTIAL INFORMATION** and shall be subject to the terms of this Stipulation and Protective Order. Any party objecting to a label of "**CONFIDENTIAL**" on written or documentary information shall follow the procedures specified in Paragraph 14, below. Alternatively, the parties may designate materials and information as **CONFIDENTIAL** by notifying the other party and designating **CONFIDENTIAL** documents by Bates number.

12. The parties acknowledge and agree that the filing of information under seal is covered by Rule 79-5 of this Court. For applications and motions to the Court on which a party submits **CONFIDENTIAL INFORMATION**, all documents and chamber copies containing **CONFIDENTIAL INFORMATION** which are submitted to the Court shall meet the requirements of Rule 79-5 of the Local Rules of this Court

13. A party may designate as "**CONFIDENTIAL**" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

14. <u>Challenges to confidentiality designations</u>:

a. Timing of Challenges: Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid a foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

6

PROPOSED STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

b. Meet and confer: A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must given the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in the meet and confer process first.

c. Judicial Intervention: A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 if applicable) that identifies the challenged materials and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

15. Notwithstanding any challenge to the designation of material as **CONFIDENTIAL INFORMATION**, all such challenged documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the material is **CONFIDENTIAL INFORMATION** withdraws such designation in writing; or

(b) the party or non-party who claims that the material is **CONFIDENTIAL INFORMATION** fails to apply to the Court for

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

7

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

an order designating the material **CONFIDENTIAL** within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not **CONFIDENTIAL INFORMATION**.

16. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Stipulation and Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

17. At trial, if any **CONFIDENTIAL INFORMATION** is introduced in evidence or referred to, the parties may apply to the Court for appropriate restrictions on access to the information.

18. The termination of proceedings in this Action shall not relieve any person to whom **CONFIDENTIAL INFORMATION** was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Stipulation and Protective Order. It is expressly intended by the parties hereto and their attorneys that the provisions of this Stipulation and Protective Order shall continue and be binding upon them in perpetuity.

19. If, during the course of this Action, or during the thirty (30) days thereafter, any party to these proceedings is served with a subpoena which requests written or documentary information which has been deemed **CONFIDENTIAL INFORMATION** and is subject to the dictates of this Stipulation and Protective Order, the parties agree that they shall give notice of such subpoena to the other parties hereto within three (3) days of receipt, will individually protect their own interests with respect thereto, and will prosecute any necessary motions to quash on their own behalf.

\\
\\
\\

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

EF97-0000012
3054089.1

8

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

20. If documents or other material are inadvertently produced without any designation of confidentiality, a party may nevertheless thereafter assert in writing the confidentiality of the documents or material, and the parties and their counsel shall thereafter treat the documents or material as "**CONFIDENTIAL**" or consistent with the party's designation.

**IT IS SO STIPULATED.**

Dated: August 31, 2005      HAIGHT, BROWN & BONESTEEL, L.L.P.

By: _____
    Robert N. Schiff
    David W. Evans
    Scott M. Bloom
    Attorneys for Plaintiff
    The American Insurance Company

Dated: September ___, 2005      CRAIG & WINKELMAN LLP

By: _____
    Bruce H. Winkelman
    Attorneys for Defendant
    American Re-Insurance Company

Dated: September ___, 2005      BATES & CAREY LLP

By: _____
    Maryann Hayes
    Attorneys for Defendant
    American Re-Insurance Company

**ORDER**

Based upon the foregoing Stipulation of the parties and good cause appearing, the Court hereby adopts said Stipulation as its Order.

**IT IS SO ORDERED.**

Dated: _____      _____
    United States District Judge

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

9

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION

20. If documents or other material are inadvertently produced without any designation of confidentiality, a party may nevertheless thereafter assert in writing the confidentiality of the documents or material, and the parties and their counsel shall thereafter treat the documents or material as "CONFIDENTIAL" or consistent with the party's designation.

IT IS SO STIPULATED.

Dated: August 31, 2005    HAIGHT, BROWN & BONESTEEL, L.L.P.

By: _____
Robert N. Schiff
David W. Evans
Scott M. Bloom
Attorneys for Plaintiff
The American Insurance Company

Dated: September 1, 2005    CRAIG & WINKELMAN LLP

By: _____
Bruce H. Winkelman
Attorneys for Defendant
American Re-Insurance Company

Dated: September ___, 2005    BATES & CAREY LLP

By: _____
Maryann Hayes
Attorneys for Defendant
American Re-Insurance Company

## ORDER

Based upon the foregoing Stipulation of the parties and good cause appearing, the Court hereby adopts said Stipulation as its Order.

IT IS SO ORDERED.

Dated: _____

United States District Judge

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco
FF97-0000012
2054069.1
9
PROPOSED STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION

Received Sep-01-2005 01:34pm From-5102175894 To-Haight Brown & Bones Page 002

20. If documents or other material are inadvertently produced without any designation of confidentiality, a party may nevertheless thereafter assert in writing the confidentiality of the documents or material, and the parties and their counsel shall thereafter treat the documents or material as "**CONFIDENTIAL**" or consistent with the party's designation.

**IT IS SO STIPULATED.**

Dated: August ____, 2005           HAIGHT, BROWN & BONESTEEL, L.L.P.


By: _____
    Robert N. Schiff
    David W. Evans
    Scott M. Bloom
    Attorneys for Plaintiff
    The American Insurance Company

Dated: August ____, 2005           CRAIG & WINKELMAN LLP


By: _____
    Bruce H. Winkelman
    Attorneys for Defendant
    American Re-Insurance Company

Dated: Sept. 15 ~~August~~ ____, 2005    BATES & CAREY LLP


By: _*Maryann C Hay*_____
    Maryann Hayes
    Attorneys for Defendant
    American Re-Insurance Company

**ORDER**

Based upon the foregoing Stipulation of the parties and good cause appearing, the Court hereby adopts said Stipulation as its Order.

**IT IS SO ORDERED.**

Dated: September 21, 2005          _____*Jeffrey S White*_____
                                   United States District Judge

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

FF97-0000012
3054089.1

9

PROPOSED STIPULATED PROTECTIVE
ORDER RE CONFIDENTIAL INFORMATION